CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 05 2009
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CHARLIE HAYES, | CASE NO. 4:08CV00037 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| | By: B. Waugh Crigler |
| Defendant. | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's April 14, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for further proceedings at the final level of the sequential evaluation.

In a decision issued on January 25, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, April 9, 2003[1], and that he was insured for benefits through December 31, 2006[2]. (R.

---

[1] Plaintiff initially alleged a disability onset date of November 8, 2002. (R. 9.) Plaintiff subsequently amended the date to reflect the date he stopped receiving unemployment benefits,

9, 11.) The Law Judge determined plaintiff had the following combination of severe impairments: gout, high blood pressure, asthma, and bilateral hand impairment. (R. 11.) The Law Judge found that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 12.) The Law Judge was of the belief that although plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, his statements and those of his wife concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 17.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to perform light work that involves standing and walking for four to six hours with frequent breaks and sitting for four to six hours with regular breaks.[3] (R. 12.) The Law Judge determined that he could frequently and occasionally carry ten to twenty pounds, but that he was limited by right upper extremity/hand weakness, and his postural limitations included bending, stooping and crouching. (R. 12.) The Law Judge concluded that plaintiff was precluded from performing his past relevant work[4], but that other jobs exist in significant numbers in the national economy that he could perform[5]. (R.

---

April 9, 2003. (*Id.*)

[2] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, December 31, 2006. *See* 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates solely to his claim for SSI benefits.

[3] The Law Judge noted that plaintiff does not require an assistant device. (R. 12.)

[4] Plaintiff's past relevant work includes the following: groundskeeper, material handler, pipe layer for commercial plumbing, laborer, and sewing machine mechanic. (R. 18, 57-58.)

[5] The Law Judge noted that the vocational expert ("VE") testified that the following sedentary jobs were representative of positions found in significant numbers in the national economy that someone with plaintiff's RFC could perform: cashier, non-emergency dispatcher,

2

18-19.) Thus, the Law Judge ultimately found he was not disabled. (R. 19.)

Plaintiff appealed the Law Judge's January 25, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that the Law Judge did not give proper weight to the opinions offered by Paul S. Buckman, M.D., his sole treating physician. (Pl's Brief, pp. 10-11.) Plaintiff contends that the Law Judge erred by affording controlling weight to the State agency consultative examiner, Gonzalo Fernandez, M.D. (Pl's Brief, p. 11.) The undersigned agrees.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the

---

and security monitor. (R. 19.)

3

physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992). When that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

In assessing the medical opinions, the Law Judge noted that even though Dr. Buckman opined that plaintiff was unable to work and encouraged him to apply for disability benefits, this is a matter reserved for the Commissioner. (R. 15-16.) The Law Judge gave Dr. Buckman's findings and conclusions "minimal weight" because the physician treated plaintiff on a limited and sporadic basis, and because Dr. Buckman's medical notes failed to include a statement of the limitations and restrictions caused by plaintiff's impairments. (R. 16.) The Law Judge noted that Dr. Buckman's medical records confirm that plaintiff was non-compliant with prescribed treatment and medication. (*Id.*) He also noted that there are no other medical records which assess plaintiff's RFC, and there are no medical records which contradict the assessment of Dr. Fernandez, the consultative examiner who evaluated plaintiff on one occasion[6]. (*Id.*) Thus, the

---

[6]Plaintiff's brief erroneously states that Dr. Fernandez was a non-examining consultant. (Pl's Brief, p. 11.)

4

Law Judge elected to adopt Dr. Fernandez's evaluation for purposes of his decision. (R. 17.)

The record, in fact, shows that Dr. Buckman, plaintiff's only proffered treating physician, treated him sporadically for hypertension, gout, and anxiety. (R. 205-214, 240-241.) Dr. Buckman's notes reveal that plaintiff's primary medical condition was hypertension and that the condition remained poorly controlled. (R. 207-208, 210.) Dr. Buckman found plaintiff to be non-compliant with his prescribed medication and directions to maintain regular treatment due to lack of funds. (R. 211.) Dr. Buckman encouraged plaintiff to apply for disability based on his belief that plaintiff was "unable to work and should be disabled."[7] (R. 209.)

The Law Judge's decision to accord Dr. Buckman's opinion "minimal weight" appears to be based in large part on the fact that plaintiff was non-compliant with his prescribed medication and was not seen on a regular basis by Dr. Buckman. However, plaintiff's financial condition was the reason he did not take his prescribed medication regularly and saw Dr. Buckman sporadically. The Fourth Circuit has observed that, "[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Gordon v. Schweiker,* 725 F.2d 231, 237 (4th Cir. 1984)). In other words, a claimant should not be prejudiced by his lack of resources to receive treatment. Thus, the Law Judge's decision to give Dr. Buckman's opinion "minimal weight" is not supported by substantial evidence.

For the foregoing reasons, it is RECOMMENDED that an Order enter GRANTING the plaintiff's motion for summary judgment, and REMANDING the case to the Commissioner for

---

[7]Statements by a physician that a claimant is "disabled" and "not able to work" are decisions reserved to the Commissioner. *See* 20 C.F.R.§§ 404.1527(e), 416.927(e).

further proceedings at the final level of the sequential evaluation.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

08-05-09
Date